UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALEXANDER IRVINE and BARBARA TWADDEL, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>UNIVERSITY OF WASHINGTON, an agency of the STATE OF WASHINGTON,<br><br>Defendant. | No. 2:24-cv-296<br><br>NOTICE OF REMOVAL |

In December 2023, Alexander Irvine and Barbara Twaddell (the "*Irvine* plaintiffs") filed a complaint in King County Superior Court against the Fred Hutchinson Cancer Center ("Fred Hutch") and the University of Washington ("UW") asserting claims based on a data security incident Fred Hutch suffered ("*Irvine I*"). After their claims were removed to this Court and other lawyers were appointed to lead the class, the *Irvine* plaintiffs vigorously contested the leadership order and this Court's jurisdiction. In the midst of remand briefing, the *Irvine* plaintiffs filed a second complaint in state court making the exact same allegations, but against UW only ("*Irvine II*"). The *Irvine* plaintiffs then cited the new state-court complaint to this Court as a reason the Court should remand their pending claims. UW is now removing *Irvine II* pursuant to 28 U.S.C. § 1453(b) so that all of the *Irvine* plaintiffs' claims can proceed together. Although the basis for removal may not be immediately apparent on the face of the *Irvine II* complaint because it names

UW'S NOTICE OF REMOVAL – 1

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

UW (a state governmental entity) as the only defendant, courts look beyond the face of the complaint when assessing jurisdiction under the Class Action Fairness Act ("CAFA"), particularly when, as here, doing so is necessary to thwart a tactical ploy to attempt to avoid federal court. If the Court denies the *Irvine* plaintiffs' pending motion to remand, these additional claims should proceed here. If the Court grants their pending motion to remand, these claims should also be remanded.

### I. Background

1. The *Irvine* plaintiffs allege that sometime on or before November 19, 2023, a foreign group of "cybercriminals" breached Fred Hutch's network and "gained access" to information about Fred Hutch and UW patients. *See* Ex. A ¶¶ 3, 37–39 ("*Irvine II* Compl."). They do not allege that UW's network was breached, and FHCC's press release, which they cite, states that "there is no evidence that the UW-based system was impacted."[1] *Id.* ¶ 37.

2. The first two class action complaints related to the incident were filed by other plaintiffs and their attorneys on December 8, 2023 (in King County Superior Court) and on December 10, 2023 (in this Court). *See* Complaint at 1, *Arneson v. Fred Hutchinson Cancer Research Center*, No. 2:24-cv-00033 (W.D. Wash. Jan. 8, 2024), Dkt. 1-2; Complaint at 1, *Doe v. Fred Hutchinson Cancer Center*, No. 2:23-cv-01893 (W.D. Wash. Dec. 10, 2023), Dkt. 1.

3. The *Irvine* plaintiffs filed the third class action complaint, *Irvine I*, on December 11, 2023 in King County Superior Court. *See* Complaint, *Irvine v. Fred Hutchinson Cancer Center*, No. 2:24-cv-00030 (W.D. Wash. Jan. 8, 2024), Dkt. 1-2 ("*Irvine I* Compl.").

4. Other class action complaints were filed in or removed to this Court thereafter, and several attorneys representing plaintiffs with cases pending in this Court moved to consolidate the cases and to appoint a Plaintiffs' Steering Committee to lead the litigation. *See* Unopposed Joint Motion to Consolidate Related Cases & Unopposed Joint Motion to Appoint Interim Class

---

[1] https://www.fredhutch.org/en/about/about-the-hutch/accountability-impact/notice-to-our-patients-of-data-security-incident.html (last visited March 4, 2024).

UW'S NOTICE OF REMOVAL – 2

Counsel, *Doe v. Fred Hutchinson Cancer Center*, No. 2:23-cv-01893 (W.D. Wash. Dec. 29, 2023), Dkts. 5, 6.

5. The Court granted both motions and ordered any additional cases arising out of "the same or similar operative facts" consolidated and subject to the authority of the Plaintiffs' Steering Committee. *See* Order Granting Joint Motion to Consolidate Related Cases & Order Granting Joint Motion to Appoint Interim Class Counsel, *Doe v. Fred Hutchinson Cancer Center*, No. 2:23-cv-01893 (W.D. Wash. Jan. 5, 2024), Dkts. 9, 10.

6. On January 8, 2024, Fred Hutch removed *Irvine I* to this Court. *See* Notice of Removal, *Irvine v. Fred Hutchinson Cancer Center,* No. 2:24-cv-00030 (W.D. Wash. Jan. 8, 2024), Dkt. 1. In accordance with the Court's order, *Irvine I* was consolidated with the other cases.

7. The *Irvine* plaintiffs' first act in federal court was to move to vacate the order appointing the Plaintiffs' Steering Committee, which did not include their attorneys. *See* Plaintiffs Alexander Irvine and Barbara Twaddell's Motion to Vacate Order, *In re Fred Hutchinson Cancer Center Data Security Litig.*, No. 2:23-cv-01893 (W.D. Wash. Jan. 12, 2024), Dkt. 13. About two weeks later, they moved to remand their individual case and argued in a footnote that the Court should dismiss or remand every other plaintiff's claims too. *See* Plaintiffs Alexander Irvine and Barbara Twaddell's Motion to Remand at 1 n.1, *In re Fred Hutchinson Cancer Center Data Security Litig.*, No. 2:23-cv-01893 (W.D. Wash. Jan. 24, 2024), Dkt. 36.

8. At a status conference on January 25, 2024, the Court asked whether any counsel was aware of any other case that would be filed. All counsel, including the *Irvine* plaintiffs' counsel, responded that they were not.

9. Fred Hutch, the Plaintiffs' Steering Committee, and UW responded to the *Irvine* plaintiffs' motion to remand *Irvine I* on February 12, 2024. In its response, UW agreed to proceed in this Court and expressly waived Eleventh Amendment immunity "for claims arising out of the instant cyberattack against Fred Hutch to the same extent its sovereign immunity is waived in state court." UW's Response to Motion to Remand at 2, *In re Fred Hutchinson Cancer Center Data*

UW'S NOTICE OF REMOVAL – 3

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

*Security Litig.*, No. 2:23-cv-01893 (W.D. Wash. Feb. 12, 2024), Dkt. 47; *see also Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 675–76 (1999) ("[W]e will find a waiver either if the State voluntarily invokes our jurisdiction, or else if the State makes a clear declaration that it intends to submit itself to our jurisdiction.") (internal quotation marks and citations omitted); *Does v. Univ. of Washington*, No. C16-1212JLR, 2016 WL 5792693, at *5 (W.D. Wash. Oct. 4, 2016) (holding that "the Assistant Attorney General conducting this litigation on behalf of UW has the authority to waive the State's sovereign immunity with respect to this suit").

10. That same day, contrary to their representation at the status conference, the *Irvine* plaintiffs filed a second complaint in King County Superior Court on behalf of the same class ("*Irvine II*"). See Ex. A. The named plaintiffs, factual allegations, class definition, class action allegations, and relief requested are all the same as in *Irvine I*. And the causes of action are identical to claims they had already asserted. The only material difference between the two complaints is that in *Irvine II* the plaintiffs assert claims against UW only and omit the two claims they had already asserted against UW in *Irvine I*.

11. In *Irvine I*, the plaintiffs asserted six claims against Fred Hutch: (1) negligence, (2) negligence *per se*, (3) breach of fiduciary duty, (4) breach of implied contract, (5) unjust enrichment, and (6) a violation of the Washington Consumer Protection Act. *See Irvine I* Compl. ¶¶ 71–119. But they asserted only their implied contract and unjust enrichment claims against UW. *See id.* In *Irvine II*, the plaintiffs brought the negligence, negligence *per se*, breach of fiduciary duty, and Washington Consumer Protection Act claims against UW. *See* Ex. A ¶¶ 76–103.

12. A comparison of the *Irvine* plaintiffs' complaints is attached as an exhibit to the Declaration of Erin K. Earl in support of this Notice of Removal. *See* Earl Decl., Ex. 1.

13. *The Irvine* plaintiffs have not explained why they represented to the Court and the parties at the January 25, 2024 status conference that they were unaware of additional cases that would be filed. Their silence is particularly notable given that they now allege they "submitted a

UW'S NOTICE OF REMOVAL – 4

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

tort claim form regarding the Data Breach to the Office of Risk Management on December 12, 2023," more than a month before the status conference. Ex. A ¶ 15. And the *Irvine* plaintiffs have offered no persuasive explanation for why they sought to add these identical claims against UW by filing an entirely new complaint in a different court rather than seeking leave to amend *Irvine I* or amending as of right at an appropriate time. *See* Fed. R. Civ. P. 15(a).

14. But the *Irvine* plaintiffs cited the new complaint as a reason the Court should remand a few days later, suggesting that *Irvine II* is merely a tactical ploy to bolster otherwise weak support for their position that the Court should remand the pending cases. *See Irvine* Plaintiffs' Reply in Support of Motion to Remand at 4, *In re Fred Hutchinson Cancer Center Data Security Litig.*, No. 2:23-cv-01893 (W.D. Wash. Feb. 16, 2024), Dkt. 50.

## II. The Court has original jurisdiction over these claims under CAFA

15. The Court has original jurisdiction under CAFA if (1) the case is a class action, (2) the parties are minimally diverse, (3) at least one primary defendant is not a state governmental entity, (4) the proposed classes include at least 100 members, and (5) the amount in controversy aggregated across all members of the proposed classes exceeds $5 million. 28 U.S.C. § 1332(d)(2), (5).

### A. The claims are part of a class action.

16. CAFA defines a "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

17. In each complaint, the *Irvine* plaintiffs ask to represent a class of individuals under Washington Superior Court Civil Rule 23. *See Irvine I* Compl. ¶ 61; Ex. A ¶ 66. Therefore, the *Irvine* plaintiffs' claims are part of a "class action."

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

**B.     The Court may look beyond the face of the complaint when assessing jurisdiction, and should do so here to prevent gamesmanship meant to avoid federal jurisdiction under CAFA.**

18.     "CAFA's primary objective" is to "ensur[e] 'Federal court consideration of interstate cases of national importance.'" *Standard Fire Ins. v. Knowles*, 568 U.S. 588, 595 (2013) (citation omitted). Thus, "CAFA's 'provisions should be read broadly, with a strong preference that interstate class actions should be heard in federal court.'" *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) (citation omitted).

19.     In furtherance of Congress's objectives, courts have consistently rejected efforts to evade federal jurisdiction under CAFA. *See, e.g., Standard Fire Ins.*, 568 U.S. at 596 (2013) (holding that a named plaintiff's stipulation to seek less than $5 million on behalf of the class does not divest a federal court of CAFA jurisdiction); *Broadway Grill, Inc. v. Visa Inc.*, 856 F.3d 1274, 1279 (9th Cir. 2017) (holding that after a case is removed under CAFA plaintiffs may not "amend their class definition, add or remove defendants, or add or remove claims in such a way that would alter the essential jurisdictional analysis").

20.     Thus, when plaintiffs attempt to use artful pleading to avoid CAFA, courts may "look beyond the complaint to determine whether the putative class action meets the jurisdictional requirements." *Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 981 (9th Cir. 2013).

21.     In particular, several courts have held that when a plaintiff attempts to divide a single class action across multiple lawsuits in an effort to evade CAFA, the court may look beyond the four corners of a particular complaint and treat the separate suits as a single class action. *See Freeman v. Blue Ridge Paper Prods., Inc.*, 551 F.3d 405 (6th Cir. 2008) (reversing district court's remand of five cases among which plaintiffs divided their claims in an attempt to keep the amount in controversy below $5 million in each); *Sanders v. Kia Am. Inc.*, No. 8:23-cv-00486-JVS(KESx), 2023 WL 3974966 (C.D. Cal. June 13, 2023) (considering parties in already pending federal class action along with parties in later-filed state court action in holding that minimal diversity and amount in controversy requirements were satisfied); *Simon v. Marriott Int'l*, No. PWG-19-2879,

UW'S NOTICE OF REMOVAL – 6

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

2019 WL 4573415 (D. Md. Sept. 20, 2019) (holding that data breach claims brought in state court by plaintiffs who were already part of pending federal class action were properly considered part of a single class action); *Proffitt v. Abbott Labs*, No. 2:08-cv-151, 2008 WL 4401367, at *5 (E.D. Tenn. Sept. 23, 2008) (holding that court had jurisdiction over 11 cases among which plaintiffs divided their claims in an attempt to evade CAFA's amount in controversy threshold); *see also Vodenichar v. Halcón Energy Props., Inc.*, 733 F.3d 497, 508–10 (3d Cir. 2013) (holding that when the "same representative plaintiffs filed two complaints on behalf of an identically-defined putative class arising from the same factual allegations . . . Plaintiffs' actions were no different than a situation where a party amends a pleading" so both complaints were part of the same class action).[2]

22.     That is what happened here. Filing this new complaint, rather than amending *Irvine I*, is the *Irvine* plaintiffs' latest effort to sidestep this Court. Their divvying up of claims and parties to multiply the proceedings is precisely what CAFA was meant to avoid, and is plain gamesmanship intended to evade or influence this Court's ruling on their pending motion to remand. The Court should look beyond the four corners of the *Irvine II* complaint and see it for what it is: a continuation of the same class action that is already pending in this Court.

### C.  CAFA's minimal diversity requirement is satisfied.

23.     Both Fred Hutch and UW are parties to that single class action (spanning both complaints).

24.     Fred Hutch is a nonprofit corporation with its principal place of business in Washington. It is therefore a citizen of Washington. 28 U.S.C. § 1332(c)(1).

---

[2] The Ninth Circuit has held that somewhat different considerations apply in the *mass* action context, where there are no "competing claims to represent the same class of plaintiffs," the "concerns that overlapping or identical claims would be litigated in multiple jurisdictions" are not present, and CAFA's "fairly narrow" mass-action provision expressly precludes defendants from consolidating multiple smaller actions into a single "mass action eligible for removal under CAFA." *Tanoh v. Dow Chem. Co.*, 561 F.3d 945, 953–54 (9th Cir. 2009). In that context—when plaintiffs "expressly elect[] not to proceed as a class"—Congress's concerns about "abusing the class action device" that animate CAFA simply "do not apply." *Id.* at 954.

UW'S NOTICE OF REMOVAL – 7

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

25. The *Irvine* plaintiffs seek to represent a class of "[a]ll United States citizens whose personally identifiable information or personal health information was accessed in the Data Breach and disclosed to unauthorized persons, including United States residents who were sent a notice of the Data Breach." *See* Ex. A ¶ 67.

26. Fred Hutch is one of the premier cancer centers in the United States, and one of only two National Cancer Institute-Designated cancer centers in the Northwest.[3] Citizens of states other than Washington (*i.e.*, individuals who reside in those states and intend to stay there) routinely travel to Fred Hutch to seek care. In fact, Fred Hutch even offers housing where out-of-state patients can live during treatment.[4] Upon information and belief, at least one of these out-of-state patients' information was accessed in the data breach and is a member of the class.[5]

27. In addition, Fred Hutch's Director of Enterprise Analytics has represented that some of the information involved in the breach related to individuals who are not patients of UW or Fred Hutch but who were patients of institutions located in states other than Washington that forwarded laboratory specimens to Fred Hutch. *See* Declaration of Britni Bethune ¶ 7, *In re Fred Hutchinson Cancer Center Data Security Litig.*, No. 2:23-cv-01893 (W.D. Wash. Feb. 12, 2024), Dkt. 46-1. At least one of these individuals is likely domiciled in a state other than Washington because individuals generally seek medical laboratory testing at facilities near where they live and intend to remain. *See* 28 U.S.C. § 1332(d)(2)(A).

28. Therefore, CAFA's minimal diversity requirement is satisfied.

---

[3] https://www.cancer.gov/research/infrastructure/cancer-centers/find
[4] https://www.fredhutch.org/en/patient-care/patient-services/housing/south-lake-union-house.html
[5] In addition, Fred Hutch sent at least tens of thousands of notification letters to out-of-state addresses. *See* Declaration of Anthony Parkhill ¶ 4 & Ex. 1, *In re Fred Hutchinson Cancer Center Data Security Litig.*, No. 2:23-cv-01893 (W.D. Wash. Jan. 24, 2024). A patient's address is insufficient to establish citizenship, and the Ninth Circuit has thus far declined to adopt a presumption that an address is prima facie evidence of citizenship, but it is some evidence of citizenship.

UW'S NOTICE OF REMOVAL – 8

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

25. The *Irvine* plaintiffs seek to represent a class of "[a]ll United States citizens whose personally identifiable information or personal health information was accessed in the Data Breach and disclosed to unauthorized persons, including United States residents who were sent a notice of the Data Breach." *See* Ex. A ¶ 67.

26. Fred Hutch is one of the premier cancer centers in the United States, and one of only two National Cancer Institute-Designated cancer centers in the Northwest.[3] Citizens of states other than Washington (*i.e.*, individuals who reside in those states and intend to stay there) routinely travel to Fred Hutch to seek care. In fact, Fred Hutch even offers housing where out-of-state patients can live during treatment.[4] Upon information and belief, at least one of these out-of-state patients' information was accessed in the data breach and is a member of the class.[5]

27. In addition, Fred Hutch's Director of Enterprise Analytics has represented that some of the information involved in the breach related to individuals who are not patients of UW or Fred Hutch but who were patients of institutions located in states other than Washington that forwarded laboratory specimens to Fred Hutch. *See* Declaration of Britni Bethune ¶ 7, *In re Fred Hutchinson Cancer Center Data Security Litig.*, No. 2:23-cv-01893 (W.D. Wash. Feb. 12, 2024), Dkt. 46-1. At least one of these individuals is likely domiciled in a state other than Washington because individuals generally seek medical laboratory testing at facilities near where they live and intend to remain. *See* 28 U.S.C. § 1332(d)(2)(A).

28. Therefore, CAFA's minimal diversity requirement is satisfied.

---

[3] https://www.cancer.gov/research/infrastructure/cancer-centers/find

[4] https://www.fredhutch.org/en/patient-care/patient-services/housing/south-lake-union-house.html

[5] In addition, Fred Hutch sent at least tens of thousands of notification letters to out-of-state addresses. *See* Declaration of Anthony Parkhill ¶ 4 & Ex. 1, *In re Fred Hutchinson Cancer Center Data Security Litig.*, No. 2:23-cv-01893 (W.D. Wash. Jan. 24, 2024). A patient's address is insufficient to establish citizenship, and the Ninth Circuit has thus far declined to adopt a presumption that an address is prima facie evidence of citizenship, but it is some evidence of citizenship.

UW'S NOTICE OF REMOVAL – 8

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

**D.     Fred Hutch is a primary defendant and is not a state governmental entity.**

29.     CAFA jurisdiction is not available for "any class action in which . . . the primary defendants are States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief." 28 U.S.C. § 1332(d)(5)(A).

30.     "[B]y using the word 'the' before the words 'primary defendants' rather than the word 'a,'" Congress provided that CAFA's state governmental entity exemption applies "only if *all* primary defendants" are state governmental entities. *Singh v. Am. Honda Fin. Corp.*, 925 F.3d 1053, 1068 (9th Cir. 2019) (quoting *Vodenichar v. Halcon Energy Props., Inc.*, 733 F.3d 497, 506 (3d Cir. 2013) (emphasis added)).[6]

31.     A primary defendant "is a 'principal, fundamental, or direct' defendant." *Singh*, 925 F.3d at 1068 (citation omitted). In evaluating a defendant's status, the Court should "consider whether the defendant is sued directly or alleged to be directly responsible for the harm to the proposed class or classes, as opposed to being vicariously or secondarily liable," and should compare "the defendant's potential exposure to the class relative to the exposure of other defendants." *Id.* These considerations are not exhaustive, and the Court's analysis should be practical. *Id.* at 1068.

32.     Fred Hutch is the primary defendant because the *Irvine* plaintiffs allege that they obtained "healthcare or related services from [Fred Hutch]," they have a direct relationship with Fred Hutch, the foreign group of cybercriminals allegedly accessed the information they provided to Fred Hutch, and the exfiltrated information was stored on Fred Hutch's systems. *See* Ex. A ¶¶ 9, 17, 37–39.

33.     The *Irvine* plaintiffs do not allege that they were UW patients, nor do they allege any wrongdoing by UW. In fact, the *only* connection between the cyberattack on Fred Hutch's

---

[6] The language the Ninth Circuit interpreted in *Singh* comes from another CAFA provision (28 U.S.C. § 1332(d)(4)(B)), which is adjacent to the state governmental entity exemption, 28 U.S.C. § 1332(d)(5)(A). But "identical words and phrases within the same statute should normally be given the same meaning," and that principle "is doubly appropriate" here because the provisions were enacted "at the same time." *Powerex Corp. v. Reliant Energy Servs., Inc.*, 551 U.S. 224, 232 (2007).

UW'S NOTICE OF REMOVAL – 9

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

network and UW as alleged in the complaint is that UW shared with Fred Hutch certain "patient data necessary to provide . . . care," and the cybercriminals may have accessed some of that information from Fred Hutch's systems. Ex. A ¶ 38. But the *Irvine* plaintiffs do not allege that any of this data was *the Irvine Plaintiffs'* data. In fact, the only connection between either *Irvine* plaintiff and UW alleged in the complaint is that UW Medicine sent plaintiff Irvine an email about the incident. *See id.* ¶ 13.

34. These allegations demonstrate that UW is, at most, a secondary defendant. Although the *Irvine* plaintiffs' theory of liability for UW is not clear, because the data was in Fred Hutch's possession and the cyberattack was on Fred Hutch's system, any potential liability for UW depends on a threshold finding that Fred Hutch is somehow at fault for the cyberattack's exfiltration of data and is thus liable. If Fred Hutch is determined to have employed adequate measures to protect data in its possession and to simply have been the victim of a crime, no claim could lie against UW. This confirms that UW is a secondary defendant. *See Singh*, 925 F.3d at 1069 (holding that a defendant whose liability depended on a "threshold finding" that other defendants "acted unlawfully" was a secondary defendant).

35. Because Fred Hutch is a primary defendant, the Court would have jurisdiction even if UW were also a primary defendant, which for the reasons stated above it is not. *See Singh*, 925 F.3d at 1068.

E. **The proposed classes include at least 100 members.**

36. To have jurisdiction under CAFA, the Court must ensure that "the number of members of all proposed plaintiff classes in the aggregate is not less than 100." 28 U.S.C. § 1332(d)(5)(B).

37. The *Irvine* plaintiffs seek to represent a class of "[a]ll United States citizens whose personally identifiable information or personal health information was accessed in the Data Breach and disclosed to unauthorized persons, including United States residents who were sent a notice of the Data Breach." *See* Ex. A ¶ 67.

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

38.   The *Irvine* plaintiffs allege that at least 800,000 individuals were affected. *Id.* ¶ 70. In addition, a Cyber Notification and Data Management consultant hired by Fred Hutch has represented that the number of potential class members is likely even higher. *See* Declaration of Bradley J. Bartram ¶ 7, *In re Fred Hutchinson Cancer Center Data Security Litig.*, No. 2:23-cv-01893 (W.D. Wash. Feb. 12, 2024), Dkt. 46-2.

39.   This means that the proposed class includes well in excess of 100 members.

**F.   CAFA's amount in controversy requirement is satisfied.**

40.   Under CAFA, the Court has jurisdiction over any class action "in which the matter in controversy exceeds the sum or value of $5,000,000." 28 U.S.C. § 1332(d)(2). In making this determination under CAFA, the Court must aggregate the claims of every person who falls within the *Irvine* plaintiffs' proposed class definition. 28 U.S.C. § 1332(d)(6), (d)(1)(D).

41.   The *Irvine* plaintiffs seek the following relief: "monetary relief, including actual damages, statutory damages, punitive damages, restitution, disgorgement, and nominal damages" in addition to injunctive relief, including "implementing best data security practices to safeguard PII/PHI and to provide or extend credit monitoring services." Ex. A at 24, ¶¶ B–C.

42.   Three companies offering identity protection services—Equifax, LifeLock, and Experian—advertise credit-monitoring services ranging in price from $4.95 to $24.99 per month.[7] The cost of providing only two months of credit-monitoring services to 800,000 people (the minimum alleged to be part of the class) at the lowest advertised rate ($4.95 per month) is $7.92 million. Based on the *Irvine* plaintiffs' allegations and settlements in similar data breach litigation, it is likely that at least two months of credit-monitoring services is at stake here.

43.   The *Irvine* plaintiffs' other categories of damages and any attorneys' fees would increase the amount in controversy further.

---

[7] Equifax ($4.95/month), available at https://www.equifax.com/personal/products/value-product-comparison/, last visited Feb. 28, 2024; Norton LifeLock ($11.99/month), available at https://lifelock.norton.com/#planschart, last visited Feb. 28, 2024; Experian ($24.99/month), available at https://www.experian.com/protection/creditlock/, last visited Feb. 28, 2024.

UW'S NOTICE OF REMOVAL – 11

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

44. UW denies liability and disputes that the *Irvine* plaintiffs are entitled to any of these remedies, but in evaluating the amount in controversy, UW must assume that the allegations in the complaint are true. *See Jauregui v. Roadrunner Transp. Servs., Inc.*, 28 F.4th 989, 993 (9th Cir. 2022) (recognizing that "the defendant is being asked to use the plaintiff's complaint—much of which it presumably disagrees with—to estimate the amount in controversy").

### III.  Removal is otherwise proper

45. Removal is timely. Plaintiffs filed *Irvine II* and served UW with the summons and complaint on February 12, 2024. UW is removing on March 4, 2024, which is 21 days after the complaint was served. *See* 28 U.S.C. § 1446(b)(1) (defendant may remove within 30 days after service); *Murphy Bros, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999) (holding that removal clock starts upon formal service of the summons and complaint).

46. This Court is in the judicial district and division in which *Irvine II* was pending. 28 U.S.C. § 1446(a).

47. UW will notify the *Irvine* plaintiffs and the King County Superior Court in writing of this removal promptly after filing. 28 U.S.C. § 1446(d).

### IV.  Conclusion

48. This Court has jurisdiction and removal is proper under 28 U.S.C. § 1453(b).

UW'S NOTICE OF REMOVAL – 12

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

Dated: March 4, 2024

By: s/ *Erin K. Earl*
s/ *David B. Robbins*
s/ *Susan D. Fahringer*
s/ *Todd M. Hinnen*
s/ *Matthew P. Gordon*
s/ *Ellie Chapman*

David B. Robbins, Bar No. 13628
Susan D. Fahringer, Bar No. 21567
Todd M. Hinnen, Bar No. 27176
Matthew P. Gordon, Bar No. 41128
Erin K. Earl, Bar No. 49341
Ellie Chapman, Bar No. 55881
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Telephone: +1.206.359.8000
Facsimile: +1.206.359.9000
DRobbins@perkinscoie.com
SFahringer@perkinscoie.com
THinnen@perkinscoie.com
MGordon@perkinscoie.com
EEarl@perkinscoie.com
EChapman@perkinscoie.com

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101
Telephone: +1.206.359.8000
Facsimile: +1.206.359.9000

*Counsel for Defendant University of Washington*

UW'S NOTICE OF REMOVAL – 13

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

# CERTIFICATE OF SERVICE

I certify under penalty of perjury that on March 4, 2024, I caused to be electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send a notification of the filing to the email addresses indicated on the Court's Electronic Mail Notice List.

Dated: March 4, 2024

                                               s/ Erin K. Earl
                                               Erin K. Earl

CERTIFICATE OF SERVICE
(No. )

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000